# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:14cr00039-2 |
| v. | **REPORT AND RECOMMENDATION** |
| KAITLIN ELIZABETH COSTA | By: Hon. James G. Welsh |
| *Defendant* | U.S. Magistrate Judge |

On January 20, 2015 came the United States, by counsel, and came also the defendant, in her own proper person and by her counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing (docket #52).

As set forth in more detail in an Indictment (docket #1), the Grand Jury previously returned a multiple count, multi-defendant, Indictment charging the above-named defendant in **Count One** that on or about July 22, 2014 in this district this defendant did knowingly possess a machine gun, that is a UZI 9mm machine gun, Model B; all in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); charging the above-named defendant in **Count Two** that on or about July 22, 2014 in this district this defendant did knowingly possess a firearm, that is a UZI 9mm machine gun, Model B, that had been transported in interstate commerce from which the manufacturer's serial number had been removed, altered, and obliterated; all in violation of 18 U.S.C. §§ 922(k)

and 924(a)(1)(B); charging the above-named defendant in **Count Three** that on or about July 22, 2014 in this district this defendant knowingly possessed and received a firearm, that is a silencer; all in violation of 26 U.S.C. §§ 5861(c) and 5871; charging the above-named defendant in **Count Four** that on or about July 22, 2014 in this district this defendant knowingly and unlawfully transferred a firearm, that is a silencer to law enforcement officers; all in violation of 26 U.S.C. §§ 5812, 5861(e) and 5871; charging the above-named defendant in **Count Five** that on or about July 22, 2014 in this district this defendant knowingly received and possessed a firearm, that is a UZI 9mm machine gun, Model B, which had the serial number and other identification required by chapter 53 of Title 26 obliterated; all in violation of 26 U.S.C. §§ 5842, 5861(h) and 5871; and charging the above-named defendant in **Count Six** that on or about July 22, 2014 in this district this defendant did knowingly possess a firearm, that is a silencer, not identified by a serial number as required by chapter 53 of Title 26; all in violation of 26 U.S.C. §§ 5842, 5861(i) and 5871. In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of her property is subject to forfeiture upon conviction of one or more of the offenses alleged against her.

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Heather L. Carlton, Assistant United States Attorney. The defendant was at all times present in person and with her counsel, Andrea S. L. Harris. Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government presented an agreed written Statement of Facts for the purpose of establishing an independent basis for the agreed plea, and the defendant entered a plea of guilty to the felony offenses charged in Count One of the Indictment.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES**

After the defendant was placed under oath, she was addressed personally in open court. She stated she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her full legal name is KAITLIN ELIZABETH COSTA; she is twenty-three (23) years of age, and she has a 9th grade education and has completed part of her GED. She stated she understood she was in court for the purpose of a entering plea of guilty to a felony offense which she could not later withdraw. Upon inquiry, the defendant's attorney represented that she had no reservations about the defendant's competency to enter a plea of guilty to the charged felony offense set forth in Count One of the Indictment.

The defendant acknowledged that she had received a copy of the Indictment and it had been fully explained to her. She stated that she had discussed the charges with her attorney and had been given enough time to do so. She stated she understood the nature of the charges against her in the Indictment and specifically understood it charged six felony offenses and contained a forfeiture notice. *See* Rule 11(b)(1)(G). She testified she had discussed any possible defenses with her attorney, and she had been given adequate time to prepare any defenses she might have to the charges. She stated that her decision to enter a plea of guilty to Count One had been made after consulting with her attorney. She stated she was fully satisfied with the services of her attorney, and it was her intention and desire to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written

3

consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government next set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to enter a plea of guilty to Count One of the Indictment which charged her in Count One with knowingly possessing a machine gun, that is a UZI 9mm machine gun, Model B, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in Count One [¶ A.1.]; her express recognition that any period of incarceration would be followed by a period of supervised release of three (3) years which, if violated, could increase her possible period of incarceration [¶ A.1.]; the defendant's admission of her factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.];the terms of the government's agreement as to this defendant to dismiss the remaining counts of the Indictment [¶ A.3.]; the terms of the government's agreement not to seek to indict or charge the defendant arising from or related to any evidence seized pursuant to a search of the defendant's residence on November 13, 2014 [¶ A.4.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's acknowledgement that the government would object to any sentence below the guideline range [¶ B.1.]; the parties' stipulation that the 2014 edition of the Guideline Manual applies to the offense, that the base offense level of 18

applies pursuant to guideline sections 2K2.1(a)(5), and that a +4 offense level applies pursuant to 2K2.1(b)(4)(B) because of the obliterated serial number [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's various monetary, financial disclosure obligations, including payment of a $100.00 special assessment and the related restitution and assessment provisions [¶ B.4.]; the terms of the defendant's forfeiture obligation [¶ C.]; the terms of the defendant's express relinquishment of her waivable rights of direct appeal [¶ D.1.]; the terms of the defendant's express relinquishment of her waivable rights to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2.]; the defendant's abandonment of any seized property [¶ D.5.]; the defendant's waiver of all rights to access to investigation or prosecution records or information [¶ D.3.]; the defendant's various other obligations [¶ D.8.]; the defendant's acknowledgment that she had been effectively represented in this case [¶ F.3.]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked what her understanding of the terms of the agreement was, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that her understanding was the same, and she further represented that the plea agreement had been fully discussed and its terms reviewed with the defendant, and she was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty and that no

5

one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense, the defendant acknowledged that she understood the maximum penalty provided by law for the Count One offense was confinement in a federal penitentiary for a term of ten (10) years, a fine of $250.000.00 and a term of supervised release of at least three (3) years. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain of her property to the government. *See* Rule 11(b)(1)(J)–(K).

6

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence range in her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw her guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would include a period of supervised release or could, if applicable, subject her to deportation from this country. *See* Rule 11(b)(1)(H) and (O).

Pursuant to the terms of the plea agreement [¶ D.1.], the defendant expressly acknowledged that she understood that she was giving-up all of her waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ D.2.], she expressly acknowledged that she understood she was similarly giving-up all of her waivable rights to challenge her conviction or her sentence in any post-conviction proceeding.

Her procedural rights surrendered on a plea of guilty were also explained, including: the right to plead not guilty to any charged offense; the right to persist in any not guilty plea; the right to trial by an impartial jury; the attendant rights to counsel to assist in her defense, the presumption of innocence, the obligation of the government to prove guilt beyond a reasonable doubt, the right at trial to see, hear and confront (to have cross-examined all witnesses presented

7

against the defendant); the right to decline to testify unless one voluntarily elects to do so; the right to remain silent; the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify for the defense, and the right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the offense charged in Count One because she had in fact knowingly possessed a machine gun as alleged in Count One.

## GOVERNMENT'S EVIDENCE

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted an agreed written Statement of Facts summarizing the essential facts the government was prepared to prove at trial. The defendant and her counsel each represented that the proffer fairly summarized the essentials of the government's case. *See* Rule 11(b)(3).

## THE PLEA

After testifying that she had heard and understood all parts of the proceeding, the defendant waived a reading of the Indictment. Upon being then called-upon for her plea, the defendant entered a plea of GUILTY to Count One alleging her violation of Title 18, United States Code, §§ 922(o) and 924(a)(2).

The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. She reconfirmed that her decision to

8

plead guilty was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it.

On motion of the defendant, and without objection by the government, she was continued on her unsecured bond, with the same terms and conditions set forth in a separate order of the undersigned (docket #44), pending the district judge's acceptance of her plea. The defendant was ordered to appear on June 3, 2015 at 11:00 a.m. for sentencing.

**FINDINGS OF FACT**

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One and of the consequences of her guilty plea;

3. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and her tender of a plea of guilty to

9

Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered her plea of guilty to Count One of the Indictment;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other than those promises contained in the written plea agreement;

8. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Indictment, that the defendant be **ADJUDGED GUILTY** of this felony offense, and that a sentencing hearing be set for June 3, 2015 at 11:00 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen**

10

Case 5:14-cr-00039-MFU-JGW Document 74 Filed 02/06/15 Page 10 of 11 Pageid#: 200

**(14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 6th day of February 2015.

*s/ James G. Welsh*
United States Magistrate Judge